SILVERMANACAMPORA LLP
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Anthony C. Acampora, Esq.
David J. Mahoney, Esq.

| | |
|---|---|
| Presentment Date: | **August 25, 2014** |
| Time: | **9:30 a.m.** |
| Objections Due: | **August 18, 2014** |
| Time: | **5:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

AGAPE WORLD, INC.,
AGAPE MERCHANT ADVANCE LLC,
AGAPE COMMUNITY LLC, AGAPE
CONSTRUCTION MANAGEMENT LLC,
AGAPE WORLD BRIDGES LLC, AND
114 PARKWAY DRIVE SOUTH LLC,

                              Debtors.
-----------------------------------------------------------------x

KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of Agape World, Inc., *et al.,*

                              Plaintiff,

        -against-

JULIO PAVCAR,

                              Defendant.
-----------------------------------------------------------------x

Chapter 7
Case No.:  09-70660 (AST)
Substantively Consolidated

Adv. Pro. No.:  12-08364 (AST)

## NOTICE OF SETTLEMENT

 **PLEASE TAKE NOTICE**, that Kenneth P. Silverman, Esq., the Chapter 7 trustee (the "Trustee") of the substantively consolidated bankruptcy estate of Agape World, Inc., *et al.,* by his counsel, SilvermanAcampora LLP, will present the attached stipulation (the "Stipulation") settling the Trustee's claims against Julio Pavcar (the "Defendant"), on **August 25, 2014 at 9:30 a.m.** A copy of the proposed Stipulation is attached.

 **PLEASE TAKE FURTHER NOTICE**, objections to the Stipulation, if any, must be (I) made in writing; (II) electronically filed with the Court; (III) mailed to Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, 290 Federal Plaza, Central Islip, New York

11722; (IV) mailed to SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: David J. Mahoney; and (V) mailed to the Office of the United States Trustee, 290 Federal Plaza, Central Islip, New York 11722, so as to be actually received no later than **August 18, 2014 at 5:00 p.m.** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE,** that if no objection is received by the Objection Deadline, the Court may enter the attached Stipulation without further notice.

Dated: Jericho, New York
July 24, 2014

<table>
<tr><td></td><td>SILVERMANACAMPORA LLP<br>Attorneys for Kenneth P. Silverman, Esq.,<br>the Chapter 7 Trustee</td></tr>
<tr><td>By:</td><td>s/ Randy J. Schaefer<br>Randy J. Schaefer<br>Counsel to the Firm<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300</td></tr>
</table>

TO:   **Defendant's Attorney**
Bartalone Legal Group, P.A.
2816 East Robinson Street
Orlando, Florida 32803
Attn: Michael A. Kerwin, Esq.

CM/1570929.1/056601

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

AGAPE WORLD, INC.,
AGAPE MERCHANT ADVANCE LLC,
AGAPE COMMUNITY LLC, AGAPE
CONSTRUCTION MANAGEMENT LLC,
AGAPE WORLD BRIDGES LLC, AND
114 PARKWAY DRIVE SOUTH LLC,

        Debtors.
-----------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., as
Chapter 7 Trustee of Agape World, Inc., et al.

             Plaintiff,

      -against-

JULIO PAVCAR,

          Defendant.
-----------------------------------------------------------------x

Chapter 7
Case No. 09-70660 (AST)
Substantively Consolidated


Adv. Pro. No. 12-08364 (AST)

## STIPULATION SETTLING THE
## TRUSTEE'S CLAIMS AGAINST JULIO PAUCAR, A/K/A JULIO PAVCAR

    I.        On February 5, 2009 (the "Filing Date"), an involuntary chapter 7 petition was filed by four petitioning creditors (the "Petitioning Creditors") pursuant to 11 U.S.C. §303(b), against Agape World, Inc. ("AWI"), in the United States Bankruptcy Court for the Eastern District of New York.

    II.      On February 9, 2009, the Petitioning Creditors filed a motion to appoint an interim chapter 7 trustee under 11 U.S.C. §303(g).

    III.     On February 12, 2009, the Court granted the Petitioning Creditors' motion and entered an order directing the United States Trustee's Office to immediately appoint an interim chapter 7 trustee in the AWI case.

    IV.     On February 12, 2009, Kenneth P. Silverman, Esq., was appointed the interim trustee in the AWI case, and has since duly qualified and is now the permanent Trustee in the

Debtors' substantively consolidated case.

V.        On March 4, 2009, the Court issued an Order for relief in the AWI chapter 7 case.

VI.        On April 14, 2009, the Court issued an Order substantively consolidating AWI, Agape Merchant Advance LLC, Agape Community LLC, Agape Construction Management, LLC, Agape World Bridges LLC, and 114 Parkway Drive South LLC (collectively, the "Debtors").

VII.       On or about June 7, 2010, the Trustee commenced an adversary proceeding against John Restrepo, Ruby Restrepo, and Panorama (collectively, the "Judgment Debtors"), in the Bankruptcy Court seeking to set aside fraudulent transfers from Agape to the Judgment Debtors under 11 U.S.C. §§105, 502, 544, 547, 548, 550 and 551, New York Debtor and Creditor Law §§273, 274, 275, 276 and 276-A, and New York common law.

VIII.      A confession of judgment avoiding the fraudulent transfers to the Judgment Debtors (the "Transfers") was entered by the Bankruptcy Court Clerk on September 22, 2011, and subsequently, a revised judgment was entered on September 30, 2011, holding the Judgment Debtors jointly and severally liable in the amount of One Million Eight Hundred Ninety-Six Thousand Eight Hundred Sixteen and 00/100 ($1,896,816.00) Dollars (the "Judgment").

IX.        To date, the Judgment has not been satisfied.

X.        Subsequent to the Transfers, Panorama made transfers to Julio Paucar, a/k/a Julio Pavcar (the "Defendant") in the amount of Eighteen Thousand Three Hundred Twenty-Nine and 82/100 ($18,329.82) Dollars (the "Subsequent Transfers")

XI.       On September 21, 2012, the Trustee commenced this adversary proceeding against Defendant by the filing of a complaint (the "Complaint"), wherein the Trustee asserted that the Subsequent Transfers are avoidable pursuant to 11 U.S.C. §§542 and 550 (the "Trustee's Claims").

XII.       On May 2, 2014, the Trustee filed a motion for a default judgment (the "Default Motion") for Defendant's failure to answer or otherwise respond to the Complaint.

XIII.    On May 27, 2014, the Court entered an Order granting the Default Motion, as well as default judgment against the Defendant (the "Default Judgment").  However, also, on May 27, 2014, Defendant interposed an answer to the Complaint.

XIV.    On June 30, 2014, the Court entered an Order vacating the Default Judgment.

XV.    Thereafter, the parties engaged in informal discovery related to the Trustee's Claims and defenses asserted by Defendant, during which Defendant provided the Trustee with a Certified Financial Disclosure Statement.

XVI.    In the spirit of compromise and without any admission of liability, Defendant has offered to remit the sum of $2,000.00 (the "Settlement Sum") to the Trustee in full and final settlement of the Trustee's Claims.

XVII.    Based upon the Trustee's review of all documentation related to the Subsequent Transfers, the Trustee has, in his business judgment, agreed to settle the Trustee's Claims upon the following terms and conditions, which the Trustee believes are fair and reasonable, especially in light of the costs and uncertainty associated with litigation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the parties hereto, that the Trustee's Claims be resolved upon the terms and conditions set forth herein as follows:

**Defendant's Obligation to Pay the Settlement Sum**

1.    The Trustee has authorized Defendant to pay the Settlement Sum in three (3) installments (each, an "Installment" and collectively, the "Installments") as follows: (i) the first Installment, in the amount of $1,000.00, is due upon execution of this Stipulation; (ii) second Installment, in the amount of $500.00, is due on or before August 15, 2014; and (iii) the third and final Installment, in the amount of $500.00, is due on or before September 15, 2014. Defendant will remit the each Installment to "Kenneth P. Silverman, Esq., as Chapter 7 Trustee," by delivering a check to Trustee's counsel at SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Cooper J Macco, Esq.  Nothing contained herein

shall preclude or penalize Defendant from pre-paying any Installment or any portion of any Installment.

2.    If Defendant fails to make timely payment of the Settlement Sum in accordance with paragraph 1, or if Defendant's payment is dishonored for any reason whatsoever and Defendant does not cure such default within ten (10) business days after written notice is sent by Federal Express or other reputable overnight courier to Defendant and Defendant's Counsel at the addresses set forth herein, then the Trustee shall be entitled to move before the Bankruptcy Court, without further notice upon the affidavit by the Trustee attesting to the default (a) for the entry of a judgment against Defendant for Eighteen Thousand Three Hundred Twenty-Nine and 82/100 ($18,329.82), together with costs, less any sums previously paid as provided herein, and (b) for any further relief necessary to enforce the Trustee's rights under this Stipulation.  Written notice of default shall be sent to (i) Defendant at 3134 Enclave Court, Kissimmee, Florida 34746; and (ii) Defendant's counsel at Bartolone Legal Group, P.A., 2816 East Robinson Street, Orlando, Florida, 32803, Attn: Michael Kerwin, Esq.

3.    Upon receipt of the Settlement Sum, Trustee's counsel will transfer the Installment to the Trustee to be deposited into the Trustee's estate account for Debtors' estate. Defendant acknowledges and agrees that the Settlement Sum shall become part of the Debtors' estate without Order of the Court pursuant to the "Procedures Order" entered on October 1, 2010.

**Releases**

4.    Upon execution of this Stipulation and the Trustee's receipt and clearance of the of the Settlement Sum, the Trustee and the estate release and forever discharge Defendant, his affiliated entities, agents, representatives, present or former officers, attorneys, directors, assigns and successors-in-interest from any and all claims, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of any nature arising out of or relating to the Claim.

5.    Upon the execution of this Stipulation, Defendant releases, discharges and waives any and all claims against the Debtors' Estate, the Trustee and the Trustee's agents, attorneys, assigns and successors-in-interest from any and all claims, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of any nature.

**No Admission**

6.    It is understood and agreed that this Stipulation is entered into to avoid costly and protracted litigation.   Neither the execution of this Stipulation, nor the payment of the Settlement Sum shall be construed as an admission of any criminal or civil liability on Defendant's part.   For clarification, this paragraph is not intended and shall not be deemed to affect Defendant's obligation to make timely payment of the Settlement Sum or adversely affect the Trustee's rights and remedies in the event that Defendant fails to make timely payment of the Settlement Sum.

**Miscellaneous**

7.    This Stipulation may be executed in one or more counterparts, with each part being deemed a part of the original document, and facsimile or other electronic signatures shall be deemed an original signature.

8.    The person executing this Stipulation on behalf of each respective party warrants and represents that she or he is authorized and empowered to execute and deliver this Stipulation on behalf of such party.

9.    The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation, including but not limited to its enforcement and the implementation and interpretation of its terms and conditions.

10.    This Stipulation shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable without regard to any conflicts of law principles.

11.    This Stipulation may not be altered, modified, or changed unless in writing,

signed by the parties or their counsel.

12.    The Trustee and Defendant are each responsible for their own costs and attorneys' fees incurred in connection with this proceeding.

Dated: Jericho, New York
        July 22, 2014

SILVERMANACAMPORA LLP
Attorneys for Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee

By:    s/ David J. Mahoney
       David J. Mahoney
       A Member of the Firm
       100 Jericho Quadrangle, Suite 300
       Jericho, New York 11753
       (516) 479-6300

Dated: Orlando, Florida
        July 11, 2014

BARTALONE LEGAL GROUP, P.A.
Attorneys for Defendant

By:    s/ Michael A. Kerwin
       Michael A. Kerwin
       2816 East Robinson Street
       Orlando, Florida 32803
       (407) 999-2236

JULIO PAUCAR, A/K/A JULIO PAVCAR

By:    s/ Julio Paucar
       Julio Paucar, a/k/a Julio Pavcar

SO ORDERED:

CM/1567186.1/056601